CARLIN v. THE CHICAGO, R. I. & P. R. R. Co.

**Instruction:** UNINTENTIONAL ERROR. Where an erroneous instruction, offered by the successful party, is by mistake handed by· the court to the jury and by them taken to their room, and there is no showing but that it was read and considered by them, the case will be reversed.

*Appeal from Scott Circuit Court.*

SATURDAY, APRIL 22.

ACTION to recover damages on account of injuries sustained by plaintiff from having been run over by a train of cars upon defendant's road. The original petition avers that plaintiff, at the time he received the injuries, was in the employment of defendant, and while in the discharge of his duty in passing along the track of defendant's road was, through negligence of defendant's servants, run over and injured. An amended petition avers that plaintiff

was, when injured, lawfully upon the track of defendant's road. The answer denies the material allegations of the petition, and avers that the injuries were sustained by plaintiff through his own negligence. Verdict and judgment for defendant. Plaintiff appeals.

*Grant & Smith* and *W. A. Foster* for the appellant.

*Cook & Drury* for the appellee.

BECK, J. — At the trial, an instruction was prepared and presented by defendant's counsel to the court, with other instructions asked by them, to the effect that, under the pleadings in the case, the plaintiff, to entitle him to recover, must prove that at the time of the injury he was in the employment of defendant. This instruction was not read by the court to the jury, and was not intended to be given them, but through oversight of the court was handed to them with other instructions. It was not marked "given" or "refused." It was taken by the jury, with the instructions in the case, to their room, when they retired to deliberate upon their verdict. Among other instructions given by the court upon his own motion, was one which in substance directed the jury that it is immaterial whether plaintiff was, at the time he was injured, in the employment of the defendant or of other parties.

It is not denied that the instruction handed by mistake to the jury is erroneous and in conflict with the instruction last referred to. It is not made to appear by the record that the jury were not influenced in their determination by the first mentioned instruction, and that no prejudice resulted therefrom to plaintiff, neither, on the other hand, is it shown that prejudice did result therefrom. Under these circumstances will the erroneous instruction operate to defeat the verdict?

The record contains no proof that the erroneous in-

struction was understood by the jury to have been handed them through oversight, and was not regarded by them as a part of the instructions in the case. Upon the question as to its effect or influence on the jury we are left no inference which may reasonably be drawn from the admitted facts in the case, coupled with knowledge derived from experience of the causes of motives, which may, and often do, influence the determination of issues submitted to jurors. Had the instruction really been given by the court it would have been an error which no one would say, without proof of the fact, would not have controlled or influenced the verdict of the jury. It cannot be claimed that the correct instruction, upon the same point, would have neutralized the evil effects of the error. The instructions would have been contradictory and conflicting, and the jury would have been left without a guide to direct them in the path of the law; nay, more, would have been confused by the contradictions, and rendered less capable of arriving at correct results. In such a case a new trial would have been granted. *Eyser* v. *Weissgerber*, 2 Iowa, 463.

Have we any assurance that the same effects were not produced in this case by the instruction in question, which was handed to the jury by mistake? We can only conclude that no mischief was done by supposing that the jury knew that the instruction was not given to them by the court, and, therefore, disregarded it, or that it was not seen or read by them. The first supposition may be probable, the second is hardly possible. But were we to admit both suppositions to be within the range of probability, all we could say is that the verdict is probably a true expression of the minds of the jury under the guidance of correct rules of law — that it is, perchance, correct. This is the most that can be said of it.

But the administration of the law rests upon no such uncertainty. Suppositions based upon the calculation of chances, or upon the possible acts of men that are quite as

uncertain, will not, with men of prudence, supersede actual knowledge, when knowledge is attainable, in the control of the affairs of life. The law ought to be no less careful in dispensing justice. It should base its judgments upon the knowedge of, rather than upon presumptions as to, facts. That course should always be pursued which, with the greatest certainty, leads to justice.

As the verdict of the jury in this case rests in so much uncertainty, it cannot be sustained. The judgment of the circuit court is therefore reversed, and the cause remanded.

Reversed.